# Zerbe *against* Schall.

Negligence respecting a return of survey, when the fees are not paid, is imputable to the owner; if the fees have been paid, it is imputable, in the first instance, to the deputy surveyor; but if no return be made for twenty-nine years, the negligence shall be imputed to the owner, whose title under it will be defeated by a subsequent improver.

ERROR to *Schuylkill* county.

This was an action of ejectment by John Schall and Frederick Lauderbrun against Peter Zerbe, for three hundred and twenty-two acres of land. Plaintiffs claim under an improvement made on the land by John Adams, commenced in the year 1800, whose title was vested in the plaintiffs, who had obtained a patent for the land in 1828. Henry Zimmerman was in possession of the land in 1830,

[Zerbe v. Schall.]

as the tenant of the plaintiffs, and he gave up the possession to the defendant, Peter Zerbe, against whom the ejectment was brought.

The defendant, Peter Zerbe, claimed the land upon an application in the name of Peter Kreitzer, dated the 8th of April 1767, upon which a survey was regularly made, the same year, by William Scull, the deputy surveyor, and well marked on the ground, and his fees paid; but the survey was never returned by him, and was found in the deputy surveyor's office. 20th of May 1778, deed of Peter Kreitzer to P. Fey: 19th of October 1779, P. Fey to C. Balty: 10th of March 1783, C. Balty to J. Shaffer: 22d of February 1812, J. Shaffer to Jacob Shaffer: 17th of August 1813, re-survey by James M'Farland, deputy surveyor, for George Bretzius: 23d of May 1814, deed of Jacob Shaffer to George Bretzius: 4th of July 1814, survey of James M'Farland returned and accepted in the land office: 15th of March 1830, deed of the heirs of George Bretzius to John and Peter Zerbe.

The court (Blythe, president) thus charged the jury.

"Defendant claims under an application by Peter Kreitzer, dated the 8th of April 1767, for three hundred acres. It is admitted that a survey was made on this application, on the land in question, by Scull, the deputy surveyor, for Peter Kreitzer, in 1767, that Kreitzer paid Scull his surveying fees at the time the survey was made, and Scull promised to return the survey. The survey was not returned until 1813, when James M'Farland, the then deputy surveyor, made what he calls a re-survey on this application, which was returned into the office of the surveyor-general, and accepted the 4th of July 1814. Defendant's title depends on the law arising upon these facts. The question is, has the application of Kreitzer been pursued with due diligence. I am of opinion it has not, and so state it as matter of law. The fault in not returning the survey was first in the deputy surveyor, and the owner of the application was entitled to a reasonable time to have that fault corrected. But the owner was not justified in lying by till 1813, without taking any further step in pursuit of his application.

"If, therefore, in the mean time, Adams acquired a right to the land by settlement, his claim is entitled to a preference over the owner of the application."

Defendant excepts to the charge of the court.

Error assigned.

The court erred in charging the jury that the defendant was to be affected with the negligence of the deputy surveyor in failing to return the survey, after receiving his fees for so doing, and before any notice of his negligence or neglect having been traced to the owners of the application.

*Bannan*, for plaintiff in error, cited, Drinker *v.* Holliday, 2 *Yeates* 88; Meade *v.* Haymaker, 3 *Yeates* 67; M'Kinzie *v.* Crow, 2 *Binn.* 105; Davis *v.* Keefer, 4 *Binn.* 161; Boyles *v.* Kelly, 10 *Serg. &*

*Rawle* 214; Vickroy *v.* Shelley, 14 *Serg. & Rawle* 377; Chambers *v.* Mifflin, 1 *Penns. Rep.* 74; Addleman *v.* Masterson, 1 *Penns. Rep.* 454; Acre et al. *v.* Gilbert et al., 3 *Penns. Rep.* 299; Petrie *v.* Clark, 11 *Serg. & Rawle* 377; Lilly *v.* Paschal, 2 *Serg. & Rawle* 394.

*Leoser*, contra, cited, Brentlinger *v.* Hutchinson, 1 *Watts* 46; Star *v.* Bradford, 2 *Penns. Rep.* 384.

The opinion of the Court was delivered by

Gibson, C. J.—It is a general rule that the owner of a location shall not be prejudiced by the deputy's negligence, in respect to returning the survey; but the omission to have it returned shall be imputed to the owner, where he has *not* paid the fees. That is the extent to which the decisions have gone; for it certainly has not been determined, that payment of fees releases him from further attention to his title. In Star *v.* Bradford, it is declared to be the business of the owner not only to have a survey made, but also to have it returned; and in Addleman *v.* Masterson, it is said, that payment of fees and even return of survey are but facts to repel a presumption of abandonment. But is such a presumption, when raised by twenty-nine years of continued inaction, repelled by payment alone? In Lilly *v.* Pascal's Executors, it was said by Chief Justice Tilghman, that "on an application and survey no money was paid, and it might very well happen that after the survey it might be evident that the land was taken by some prior right." Might it not so appear as well when the fees were paid before the survey, as where they were not? "No doubt," continued the chief justice, "this has often happened. Many abandonments have been made in such cases, nor can any reason be assigned against them." Now, what is a subsequent appropriator to think, who, at the end of twenty-nine years, finds marks on the ground, and yet no survey returned? Certainly, that the locatee had discovered something which induced him to believe his title unworthy of pursuit, whether the survey were paid for or not; for he could not suppose that he meant to hold the state bound for an indefinite time, while he himself was at liberty to reject the land or to retain it: or, if he did suppose it, he would know that such a motive is itself equivalent to abandonment. The survey, in the present instance, had been suffered to lie dormant in the deputy's office, for the period I have mentioned; and the owner of it was undoubtedly chargeable with supineness. The same degree of attention which men ordinarily pay to their property, would have brought him to a knowledge of the officer's delinquency, and imposed on him the duty of giving notice of his title by compelling the return to be made, or by going into possession. To have winked at the officer's misconduct would have implicated him in the consequences of it. He may not have been aware of the fact; but his bare inattention may have operated to the prejudice of others. A due respect to his interest ought to have made him acquainted with

[Zerbe v. Schall.]

the state of his title, and induced him to have the official notice of it perfected. Having been guilty of laches, therefore, to the prejudice of the plaintiff, who entered subsequently as an improver, and without notice of any prior appropriation, his title under the location and survey was justly postponed.

Judgment affirmed.